JOSHUA SONDHEIMER (SBN 152000)
MATTHEW J. EISENBRANDT (SBN 217335)
The Center for Justice & Accountability
870 Market Street, Suite 684
San Francisco, CA 94102
Tel: (415) 544-0444
Fax: (415) 544-0456

PAUL HOFFMAN (SBN 71244)
Schonbrun DeSimone Seplow Harris
 & Hoffman LLP
723 Ocean Front Walk
Venice, CA  90291
Tel: (310) 396-0731
Fax: (310) 396-7040

Counsel for All Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I, JANE DOE II, HELENE PETIT, MARTIN LARSSON, LEESHAI LEMISH, and ROLAND ODAR<br><br>Plaintiffs,<br><br>v.<br><br>LIU QI, and DOES 1-5, inclusive<br><br>Defendants. | Civil Action No. **C 02 0672 CW EMC**<br><br>**AFFIDAVIT OF ROBERT C. BERRING** |

I, Robert C. Berring, declare as follows:

1. I am a Professor of Law and Law Librarian at the University of California School of Law (Boalt Hall).  I have been teaching and writing in the area of Chinese law for 20 years. During that time I have served as a Visiting Scholar at the Institute of Law of the Chinese Academy of Social Sciences and have served on and chaired the Committee on Legal Education

Complaint                                                                1

Exchange with China. I have served as an expert witness on matters involving Chinese law and the Chinese legal system before the Federal District Court for the Northern District of California and in the Superior Court for the County of San Francisco. I have submitted affidavits in numerous matters concerning Chinese law and the Chinese legal system. A copy of my resume is attached.

2. This declaration is based upon my experience studying, teaching, and writing about Chinese law, and on my review of the plaintiffs' Complaint. If called to testify, I could and would do so.

## I. CHINESE LAW PROHIBITS THE PHYSICAL ABUSE OF DETAINEES

3. Chinese law prohibits the physical abuse of detainees. Relevant laws include the Criminal Laws, the Criminal Procedure Law and various rules regulating police and prisons, as well as detention center regulations.

4. The 1997 revised Criminal Law of the People's Republic of China (PRC) criminalizes the torture and ill-treatment of prisoners. Specifically, sections of the Criminal Law prohibit three offenses involving torture or ill-treatment. Section 247 states in relevant part:

> Judicial workers who extort a confession from criminal suspects or defendants by torture or who use force to extract testimony from witnesses, are to be sentenced to three years or fewer in prison or put under criminal detention.

5. Judicial workers are defined in Article 94 of the Criminal Law as "personnel engaged in the functions of investigating, prosecuting, adjudicating, supervising and controlling offenders." Where such actions cause injury, disability, or death to the victim, it shall be given "heavier" punishment according to the provisions of Articles 234 (intentional injury) and 232 (intentional homicide).

6. Article 248 of the Criminal Law of 1997 makes it a criminal offense for any "supervisory or management personnel" in a custody or supervision institution like a prison, a

Affidavit of Robert C. Berring                2

detention house, or a custody house, to "beat or physically abuse their inmates." Punishment for such action ranges from detention in a criminal detention center to three years' imprisonment. Punishment of three to 10 years imprisonment is set "if the case is particularly serious." If injury, disability or death are caused to the victim, "heavier punishment" shall be given following Articles 234 (intentional injury) and 232 (intentional homicide).

7. The Ministry of Public Security of the PRC has issued laws regulating public security forces, entitled "Responsibilities and Duties of Public Security Organs" (hereinafter, "Police Laws"). In addition to generally mandating strict adherence to the Chinese Constitution and laws in the execution of their duties (see Article 4), these laws specifically prohibit physical abuse of criminal suspects and other persons. Article 22 of the Police Law also provides:

> People's police must not have any of the following behaviors:
> . . .
> (4) interrogate suspects forcefully with penalty, abuse or penalize suspects;
> . . .
> (5) unlawfully deprive personal freedom of others, unlawfully cross-examine other person's body, belongings, residence or other place;
> . . . [or]
> (7) beat other people or incite others to beat the third party.

8. Article 41 of the PRC "Regulations of the People's Republic of China on Administrative Penalties for Public Security" ("Public Security Regulations") also prohibits physical abuse of detainees by public security officials. That section provides:

> In implementing these Regulations, the public security officials should strictly abide by laws and disciplines and impartially implement the provisions, allowing no favouritism and fraudulent practices. It is forbidden to beat or abuse, mistreat or insult the offender. An administrative disciplinary sanction shall be incurred against those who break the above mentioned provision. If such actions constitute a crime, criminal responsibility shall be investigated.

Affidavit of Robert C. Berring         3

## II. CHINESE LAW PROHIBITS ARBITRARY DETENTION

9. Article 37 of the Constitution of the PRC provides that:

> Freedom of the person of citizens of the People's Republic of China is inviolable.
>
> No citizens may be arrested except with the approval or by decision of a people's procuratorate or by decision of a people's court, and arrests must be made by a public security organ.
>
> Unlawful deprivation or restriction of citizens' personal freedom by detention or other means is prohibited; and unlawful search of the person of citizens is prohibited.

10. Various laws limit periods of detention without charge to 24 hours, absent special authorization. Article 9 of the Police Laws provides:

> The custody time for interrogated individuals can not surpass 24 hours since they are taken into the public security organs; under special situation, it can be prolonged to 48 hours with the approvals from the public security organs at levels of county and above, and the interrogation record should be kept.

11. Similarly, Article 34 of the "Regulations of the People's Republic of China on Administrative Penalties for Public Security" (Public Security Regulations) provide that:

> After being summoned to the public security organ, the offender should be interrogated and investigated promptly. The time of interrogation and investigation shall not exceed twenty-four hours in complicated cases subject to detainment according to these Regulations.

A written ruling regarding the violation is required after the investigation:

> A ruling shall be made according to relevant provisions of these Regulations if the facts of violating the administration of public security are obvious and evidence is confirmed after interrogation and investigation.
>
> A written ruling on the punishment should be made and declared to the offender immediately.

12. Under the PRC Criminal Procedure Laws, the police are required to provide a warrant for the detention or arrest of any person, and to inform the family of a detainee or arrestee about their detention, arrest and place of detention within 24 hours, except where it "would hinder the investigation" (Articles 64 and 71). Article 65 limits the period of detention to 24 hours:

> A public security organ shall interrogate a detainee within 24 hours after detention. If it is found that the person should not have been detained, he

Affidavit of Robert C. Berring                           4

must be immediately released and issued a release certificate. If the public security organ finds it necessary to arrest a detainee when sufficient evidence is still lacking, it may allow the detainee to obtain a guarantor pending trial or place him under residential surveillance.

### III. CHINESE LAW RECOGNIZES FREEDOM OF BELIEF, SPEECH AND ASSEMBLY

13. Article 36 of the Constitution of the PRC protects religious freedom. It states:

> Citizens of the People's Republic of China enjoy freedom of religious belief.
>
> No state organ, public organization or individual may compel citizens to believe in, or not believe in, any religion; nor may they discriminate against citizens who believe in, or do not believe in, any religion.

The provision subjects this right to certain limitations:

> The state protects normal religious activities. No one may make use of religion to engage in activities that disrupt public order, impair the health of citizens or interfere with the educational system of the state.
>
> Religious bodies and religious affairs are not subject to any foreign domination.

14. Article 35 of the Constitution specifies that: "Citizens of the People's Republic of China enjoy freedom of speech, of the press, of assembly, of association, of procession, and of demonstration." Article 41 provides that the right of free speech includes the right to criticize and make suggestions to any state organ or functionary. The same article prohibits the state from retaliating against citizens for making such complaints:

> The state organ concerned must deal with complaints, charges or exposures made by citizens in a responsible manner after ascertaining the facts. No one may suppress such complaints, charges and exposures or retaliate against the citizens making them.
>
> Citizens who have suffered losses as a result of infringement of their civic rights by any state organ or functionary have the right to compensation in accordance with the law.

### IV. THE BEIJING MAYOR HAS AUTHORITY OVER BEIJING POLICE FORCES

15. As Mayor of the City of Beijing, Liu Qi held and holds authority under Chinese law, as well as *de facto* authority, to formulate provincial policies, and to supervise and direct the

Affidavit of Robert C. Berring          5

executive branch of the city government. The executive branch includes the Public Security Bureau (PSB) in Beijing, under which the police operate, and other local security forces.

16. As Mayor of Beijing, Liu Qi is directly responsible for ensuring that the Constitution and local government laws are being followed. These responsibilities are outlined in the Constitution of the PRC as well as the Organic Law of the Local People's Congresses and Local People's Governments of the People's Republic of China. ("Organic Law").

17. Article 105 of the Constitution provides that "Local people's governments at different levels practice the system of overall responsibility by governors, mayors, county heads, district heads, township heads, and town heads."

18. Article 62 of the Organic Law provides that the Mayor presides over the "local people's government" at the municipal level:

> Overall responsibility for the work of local people's governments at various levels shall be assumed respectively by governors, chairmen of autonomous regions, mayors, prefects, and heads of counties, districts, townships and towns.
>
> The governors, chairmen of autonomous regions, mayors, prefects and heads of counties, districts, townships and towns shall direct the work of their local people's governments at the corresponding levels.

19. Article 55 requires generally that: "The local people's governments at various levels must perform their administrative functions and powers in accordance with law."

20. Article 59 sets out the authority and responsibilities of the local people's government, led by the Mayor in the case of Beijing. The article provides:

> A local people's government at or above the county level shall exercise the following functions and powers:
> …
> (2) to direct the work of its subordinate departments and of the people's governments at lower levels;
>
> (3) to alter or annul inappropriate orders and directives of its subordinate departments and inappropriate decisions and orders of the people's governments at lower levels;
>
> (4) to appoint or remove personnel in state administrative organs, train them, appraise their performance and award or punish them according to the

Affidavit of Robert C. Berring                 6

provisions of the law; ...[and]

(6) to protect the socialist property owned by the whole people, property owned collectively by working people and citizens' legitimate private property and to maintain public order and safeguard citizens' rights of the person and their democratic and other rights;...

21. In addition to these laws, the Mayor of Beijing exercises *de facto* authority within the Chinese government system over Beijing police and security forces.

### V. THE "BAN" ON FALUN GONG DOES NOT AUTHORIZE PHYSICAL ABUSE OR ARBITRARY DETENTION OF PRACTITIONERS

22. In July, 1999, the Chinese Ministry of Civil affairs declared Falun Gong illegal, citing its failure to "register" according to law, and asserting that the movement had "deluded the people," and engaged in illegal activities and social disruption. No other laws address the Falun Gong movement directly. To the extent the Chinese government has utilized law in sanctioning practitioners, it has utilized existing penal law and regulations governing public security.

23. Article 300 of the Criminal Law of the People's Republic of China is the principal criminal provision relevant to the crackdown against Falun Gong practitioners. That article provides for criminal prosecution of persons who use "superstitious sects, secret societies, and evil religious organizations" to sabotage "implementation of the state's laws and executive regulations;" to "cheats others...thereby giving rise to the death of people;" or to have "illicit sexual relations with women [and] defraud money and property." In October 1999, the Supreme People's Court and the Supreme People's Procuratorate issued guidelines on the specific application of Article 300 in "Cases of Organizing and Using Cults for Criminal Activities." These guidelines provide a definition of "cults" as used in Article 300 that is clearly intended to include Falun Gong, and specify a variety of activities punishable under the first paragraph of Article 300. Prosecution under Article 300 would need to be in compliance with the criminal procedure laws, which provide for notice, hearing, and an opportunity to defend.

Affidavit of Robert C. Berring            7

24. Neither the "ban" on Falun Gong, regulations on the application of Article 300, nor other provisions of Chinese law that have been used to prosecute alleged offenses by Falun Gong practitioners authorize physical abuse or arbitrary detention of practitioners. As noted above, such practices are prohibited by Chinese law.

\* \* \*

25. In sum, the Beijing Mayor has legal and effective authority over local police and security forces allegedly involved in abuses against plaintiffs. Chinese law does not authorize police forces to torture, physically abuse, and arbitrarily detain individuals. Accordingly, the Mayor of Beijing would be acting outside the scope of his authority in authorizing or condoning such acts by police forces under his authority or control.

26. Attached hereto are reliable translations, or excerpts thereof, of relevant laws.

*I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.*

Executed on this 28th day of June 28, 2002, in Berkeley, California.

Robert C. Berring

Affidavit of Robert C. Berring                 8